# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

LARRY MCLEAN,

            Plaintiff,

v.

LATANYA JOHNSON et al,

            Defendants.

**DECISION & ORDER**
15-CV-6505

## Preliminary Statement

Pro se plaintiff Larry McLean ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that defendants Latanya Johnson, Kevin Brown, David Nixon, and Tangya, Corrections Officers at Wende Correctional Facility; Corrections Sergeant Michaels; and D. Pearson, Nurse at Wende Correctional Facility, violated his civil rights by subjecting him to excessive force and denying him medical services. See Complaint (Docket # 1). Pending before the Court are plaintiff's motions to appoint counsel, dated October 17, 2016, December 22, 2016 and June 26, 2017. See Docket ## 14, 17, 32.

## Discussion

In his motion, plaintiff argues that he needs Court-appointed counsel because his "imprisonment will greatly limit his ability to litigate the issues involved" in this case. See Motions to Appoint Counsel (Docket ## 17, 32). For the reasons

that follow, plaintiff's motions are **denied without prejudice to renew.**

Indigent civil litigants, unlike criminal defendants, do not have a constitutional right to counsel. See Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994). Nevertheless, a court has the discretion to appoint counsel to represent indigent litigants pursuant to 28 U.S.C. § 1915(e) when the facts of the case warrant it. Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988); see also, In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984). The Second Circuit set forth the factors to be considered in deciding whether or not to assign counsel in Hodge v. Police Officers:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61-62 (2d Cir. 1986).

In applying the Hodge factors, the Court finds that plaintiff's allegations satisfy the initial threshold showing of merit. See, e.g., Mackey v. DiCaprio, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004)(finding that plaintiff's Eighth Amendment claims that defendants subjected him to cruel and unusual punishment

2

satisfied threshold showing of merit); see also Allen v. Sakellardis, No. 02 CV 4373, 2003 WL 22232902, at *1-2 (S.D.N.Y. Sept. 29, 2003)(finding that plaintiff's allegation that correctional officers assaulted him while he was restrained "appears to have some chance of success"). However, after reviewing the complaint and considering the nature of the factual and legal issues involved, as well as plaintiff's ability to present his claims, the Court concludes that appointment of counsel is not warranted at this particular time.

"Volunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Here, plaintiff's pro se complaint is straightforward in describing the events that gave rise to the alleged violations. The legal circumstances surrounding plaintiff's claims do not appear to be unusually complicated, and the factual circumstances stem from one discrete event. Plaintiff has alleged that he was beaten by a number of Corrections Officers while housed at Wende Correctional Facility. He states that he was then denied medical treatment for his physical injuries. See Complaint (Docket # 1). Based on a referral from Judge Siragusa (Docket # 23), this Court held a Scheduling Conference with all parties on September 28, 2016. Plaintiff appeared telephonically at the conference and was articulate in contributing to the formation of a Scheduling Order. See Docket # 13. Plaintiff's

3

imprisonment has not appeared to deprive him of the ability to participate in the discovery process to date, and plaintiff has submitted well-drafted and logical interrogatories and requests for document production to the defendants. See Docket ## 25, 37. Plaintiff provides no specific reasons why he is unable to litigate the case on his own. Accordingly, at this juncture at least, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. See Collins v. Singletary, No. 11 Civ. 2658, 2012 WL 70358, at *2 (S.D.N.Y. Jan 9, 2012) (the fact of incarceration, alone, does not warrrant appointment of counsel); see also Castro v. Manhattan E. Suite Hotel, 279 F. Supp. 2d 356, 358 (S.D.N.Y. 2003) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"); Jones v. Kupperinger, No. 2:13-cv-0451 WBS AC P, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015) ("Circumstances common to most prisoners, such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."). Given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would more likely lead to a just determination. See Boomer v. Deperio,

4

No. 03 CV 6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005)(denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); Harris v. McGinnis, No. 02 CV 6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003)(denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the likelihood of a just determination"). Should he need, plaintiff may consult with the Western District's pro se office attorneys for questions on discovery process and procedure. Plaintiff's motions to appoint counsel are **denied**.

## Conclusion

For the reasons stated above, plaintiff's motions for appointment of counsel (Docket ## 14, 17, 32) are **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 19, 2017
Rochester, New York

5