UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LARRY MCLEAN,

          Plaintiff,

v.

LATANYA JOHNSON, et al.,

          Defendants.

DECISION AND ORDER

15-cv-6505

## Preliminary Statement

Pro se plaintiff Larry McLean ("plaintiff") brings the instant action under 42 U.S.C. § 1983, alleging that the defendants Latanya Johnson, Kevin Brown, David Nixon, and Tangya, Corrections Officers at Wende Correctional Facility; Corrections Sergeant Michaels; and D. Pearson, a Nurse at Wende Correctional Facility (collectively "the defendants"), violated his civil rights by subjecting him to excessive force and denying him medical services, specifically in regard to an incident that occurred on July 15, 2013. See Compl. (Docket # 1), at 5. Pending before the Court are two motions to compel discovery, one filed by the defendants (Docket # 43) and one filed by plaintiff (Docket # 47). For the following reasons, the defendants' motion is **granted in part** and plaintiff's motion is **denied**.

## Discussion

A.   The Defendants' Motion to Compel Discovery

Pursuant to Federal Rule of Civil Procedure 37, the defendants ask the Court to compel plaintiff to produce certain documents and other information pertaining to this matter responsive to their

1

requests for admission and interrogatories (Docket # 34). Defs.' Mem. (Docket # 43-1).

1. <u>Requests for Admission</u>

On July 6, 2017 the defendants served plaintiff with a series of requests for admission and interrogatories (Docket # 34) wherein they requested that plaintiff admit or deny various facts contained in his medical records. Determination of motions to compel discovery is left to the discretion of the district court. <u>Azkour v. Haouzi</u>, No. 11-CV-5780 RJS KNF, 2014 WL 4467897, at *6 (S.D.N.Y. Sept. 9, 2014).

The first six requests require plaintiff to admit or deny the existence of various "facts" from plaintiff's "medical records." For example, Request 5 demands that plaintiff admit that his "medical records for the five months from July 1, 2013 through December 1, 2013 do not contain any radiology reports (X-ray or MRI reports) finding that plaintiff had suffered a fractured or broken left wrist." <u>See</u> Docket #34.

Requests such as this are improper, unfair and a waste of time. <u>See</u> <u>Sec. & Exch. Comm'n v. Micro-Moisture Controls, Inc.</u>, 21 F.R.D. 164, 165 (S.D.N.Y. 1957) (stating that requests for admission should be "[s]imple, direct and concise"). It is one thing to utilize Rule 36 to ask an incarcerated <u>pro se</u> plaintiff to admit that he was treated at a particular hospital or prison facility infirmary on a particular date. It is quite another to

expect the inmate to gain access to several months of medical records, have the time to study and decipher the records and then somehow develop the medical knowledge and expertise so as to be able to "admit" the accuracy of various radiological, MRI and x-ray "findings" in the relevant reports. See Syracuse Broad. Corp. v. Newhouse, 271 F.2d 910, 917 (2d Cir. 1959) ("Rule 36 was designed to eliminate the necessity of proving essentially undisputed and peripheral issues of fact.") (emphasis supplied). If defense counsel wants to introduce the results of medical examinations or interpret information contained in medical records, he must do what is ordinarily done in any lawsuit – obtain the testimony of the treating doctor or introduce a certified copy of the medical records and have an appropriate medical expert interpret the test results for the finder of fact. Defendant's motion to compel responses to Requests 1, 2, 3, 4, 5, and 6 is **denied**.

Requests 7 and 8 ask plaintiff to admit that he "suffered" from right shoulder and back "problems for years prior to July 15, 2013." Although the court has concerns over the ambiguous language used in the Requests (what exactly is a "problem?"; how long is "for years?"), the court will nonetheless **grant** defendant's motion to compel responses to these two Requests.

3

2. Interrogatories

Defendants have propounded seven interrogatories. Interrogatory 1 demands that plaintiff "identify all documents which serve as a basis" for plaintiff's answer to "any" request for admission. Based on the Court's views as to the propriety of the Requests for Admission, the motion to compel plaintiff to identify in writing each and every document that "served" as a "basis" for his Request to Admit responses is **denied**. Plaintiff **shall respond** to Interrogatory 2, 3, and 4. Interrogatories 5, 6, and 7 are so patently absurd that they need not be answered. These three interrogatories expect plaintiff to be able to recall and identify in writing specific dates, complaints and medical diagnoses he received during a <u>forty-nine year time period</u>. Defendants' motion to compel plaintiff to answer these interrogatories are **denied**.

B. Plaintiff's Motion to Compel Discovery

Plaintiff asks the Court to compel the defendants to disclose four categories of documents. At the outset, the Court notes that plaintiff's motion to compel was filed almost a month after the close of discovery. Courts in the Second Circuit, however, "appl[y] a lenient standard to <u>pro se</u> litigants," <u>Elleby v. Martucello</u>, No. 916CV1335MADDEP, 2018 WL 582468, at *2 (N.D.N.Y. Jan. 29, 2018), and the Court will consider plaintiff's motion despite it being untimely, <u>Goodwine v. Nat'l RailRoad Passenger</u>

4

Corp., No. 12-CV-3882 (TLM), 2014 WL 12797628, at *1 (E.D.N.Y. Mar. 3, 2014).

Plaintiff first requests "any . . . complaints, grievances or law suits filed against [defendant] Latanya Johnson, by any other inmate other than the Plaintiff." Pl.'s Mot. (Docket # 47), at 2. Plaintiff previously asked a substantively similar question in an interrogatory. See Docket # 25, at 6. Defendant Johnson objected to the question but responded by stating, "I have never been sued before in my capacity as an officer, and have had no sustained grievances against me." Docket # 26, at 2. Plaintiff's first request is therefore **denied as moot**.

Next, plaintiff requests any medical records of defendant Johnson receiving medical treatment due to injuries sustained during the incident in question on July 15, 2013. Counsel for the defendants responded that such documents have been redacted and mailed to plaintiff. Having no evidence to the contrary, this request is **denied as moot**.

Plaintiff next asks that the defendants provide him with the procedure that the New York State Department of Corrections and Community Supervision follows when delivering legal mail to inmates at Wende Correctional Facility. Plaintiff previously asked a substantively similar question of defendant Johnson in an interrogatory. See Docket # 26, at 2-3. Defendant Johnson answered the question in her response to plaintiff's

interrogatories. See Docket # 31, at 4-5. Accordingly, this request is **denied as moot**.

Finally, plaintiff asks for various documents pertaining to witness interviews conducted by the inspector general at Wende Correctional Facility. The defendants responded that all responsive documents were contained in the inspector general's report, which plaintiff reviewed on July 6, 2017. Given plaintiff's annexed declaration stating that this is correct, this request is similarly **denied as moot**. See Ex. A annexed to Deutsch Decl. (Docket # 48).

## Conclusion

For the foregoing reasons, the defendants' motion (Docket # 43) is **denied in part and granted in part** as set forth in this Decision and Order. Plaintiff should provide responses to the permitted requests for admission and interrogatories by **April 30, 2018**. Plaintiff's motion (Docket # 47) is **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 22, 2018
Rochester, New York