UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LARRY MCLEAN,

                                          Plaintiff,

-vs-

LATANYA JOHNSON, KEVIN BROWN, DAVID NIXON, D. PEARSON, MICHAELS, TANGUAY,

                                          Defendants,         DECISION AND ORDER

_____                        15-CV-6505-CJS-JWF

LATANYA JOHNSON,

                                          Counter-Claimant,

-vs-

LARRY MCLEAN,

                                          Counter-Defendant.

_____

## APPEARANCES

For Plaintiff/Counter-Defendant:        Larry McLean, *pro se*
                                                     13-A-0162
                                                     Five Points Correctional Facility
                                                     Post Office Box 119
                                                     Romulus, NY 14541

For Defendants/Counter Claimant:       Hillel David Deutsch, A.A.G.
                                                     NYS Attorney General's Office
                                                     Department of Law
                                                     144 Exchange Boulevard
                                                     Rochester, NY 14614
                                                     (585) 327-3222

## INTRODUCTION

**Siragusa, J.** This prisoner civil rights action is before the Court on Defendants' motion for summary judgment filed on October 10, 2017, ECF No. 51. Plaintiff has filed opposing

papers to the motion. Notice of Motion, Nov. 27, 2017, ECF No. 56. For the reasons stated below, the Court grants Defendants' application.

## BACKGROUND

Pursuant to the local rules, Defendants filed a statement of fact, and served Plaintiff with a copy, as well as with a notice advising Plaintiff of the need to respond to the statement of facts. The statement advised Plaintiff using this language:

> **PLEASE BE ADVISED,** that pursuant to Local Rule 56.2 of the Western District of New York: Defendants have asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by filing his own sworn affidavits or other papers as required by rule 56(e). An affidavit is a sworn statement of fact based on personal knowledge that would be admissible on evidence at trial.

Notice to Pro Se Litigant Opposing Motion for Summary Judgment, Oct. 10, 2017, ECF No. 51-2. In addition, Defendants included a copy of the Court's local rule 56.2, advising Plaintiff of the requirement:

> To file and serve the following papers in opposition to this motion: (1) a memorandum of law containing relevant factual and legal argument; (2) one or more affidavits in opposition to the motion; and (3) a separate, short, and concise statement of the material facts as to which plaintiff contends there exists a genuine issue to be tried, followed by citation to admissible evidence. In the absence of such a statement by plaintiff, all material facts set forth in defendant's statement of material facts not in dispute will be deemed admitted. A copy of the Local Rules to which reference has been made may be obtained from the Clerk's Office of the Court.

*Id.* The Court issued a motion scheduling order directing that Plaintiff respond to the motion by November 21, 2017, which the Court subsequently enlarged at Plaintiff's request. Plaintiff filed opposition papers on November 27, 2017, ECF No. 56, and Defendants filed a reply on December 6, 2017, ECF No. 57. Without seeking permission from the Court, Plaintiff filed a sur-reply on December 27, 2017, ECF No. 60.

In his responsive papers, Plaintiff did not comply with the local rule requiring him to dispute Defendants' statement of facts paragraph by paragraph. In their moving papers, Defendants provided Plaintiff with an *Irby* notice in accordance with the Court's rules. That notice stated as follows:

# IMPORTANT NOTICE TO PRO SE LITIGANTS

## RULE 56 MOTIONS FOR SUMMARY JUDGMENT

This Notice is to advise you that a party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

**Failure to Respond to This Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.**

### Opposing Affidavit and Exhibits

Therefore, if the motion seeks summary judgment against you, you MUST submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit

### Statement of Material Facts Requiring a Trial

You **MUST** also submit a <u>**separate**</u>, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). **Note** that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is m genuine issue to be tried) <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial</u>

### Memorandum of Law

You MUST also submit a <u>separate</u> answering memorandum of Jaw, Local Rule

3

> 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.l(f). Failure to comply may result in the motion being decided against the non-complying party.

Important Notice to Pro Se Litigants, *attached* as Ex. A to Rule 56.2 Notice, Oct. 10, 2017, ECF No. 51-2.

The Second Circuit held in *Glazer v. Formica Corp.*, 964 F.2d 149 (2nd Cir. 1992) that,

> When a party has moved for summary judgment on the basis of asserted facts supported as required by Fed. R. Civ. P. 56(e) and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party.

*Id*. at 154. Instead, Plaintiff included a narrative statement of facts as part of his memorandum of law. As such, the Court will disregard the unsworn statement in Plaintiff's memorandum of law and independently review the record. *See Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("even though plaintiff's Rule 56.1 counter-statement failed to specifically controvert these assertions, the unsupported assertions must nonetheless be disregarded and the record independently reviewed"). Plaintiff signed his complaint under penalty of perjury. Compl. at 14.

Plaintiff filed a complaint on August 4, 2015, ECF No. 1, for a use of force incident that occurred on July 15, 2013. In it, he alleged excessive force and deliberate indifference to a serious medical need. The Court screened the complaint and issued an order granting him permission to plead additional claims, and stating that if he failed to do so, his original complaint would go forward as originally filed. Order, Nov. 3, 2015, ECF No. 3. The deadline for amendment passed, and the Marshal served the original complaint. In her Answer, defendant Latasha Johnson raised counterclaims against Plaintiff for assault and battery.

Defendants' application seeks partial summary judgment. Specifically, Defendants contend that the Court should dismiss the claims against defendants Deborah Pearson, R.N., and Corrections Sergeant Tanguay ("Tanguay").

4

## STANDARD OF LAW

Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "For the court to grant summary judgment, the court must conclude—without resolving any fact disputes—that the movant 'must prevail as a matter of law.'" 11 MOORE'S FEDERAL PRACTICE § 56.21 (Matthew Bender 3d ed.) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert. denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993).

The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c). The underlying facts contained in affidavits, attached

exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

ANALYSIS

*Corrections Sergeant Tanguay*

Defense counsel argues that Plaintiff has failed to comply with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, which required him to exhaust administrative remedies against Tanguay before bringing this lawsuit. Although Plaintiff did exhaust administrative remedies against other named defendants, he did not do with respect to Tanguay. In his grievance alleging excessive force, Plaintiff named three officers, but not Tanguay.[1] During the process to adjudicate his grievance for the three other officers, Plaintiff never brought up Tanguay's involvement. Tanguay provided an affidavit stating that his role in the use of force was to place handcuffs on Plaintiff after the altercation had already finished.

Plaintiff contends that his grievance, which named three officers whom he alleged assaulted him, implied that other officers were also involved. He argues: "Although Plaintiff did not name C/o Tanquay by name in his initial grievance, Plaintiff [sic] grievance did in fact state that Plaintiff was assaulted by three known correction officers, which implied there were other unnamed correction officers involved." Pl.'s Mem. of Law 1–2, ECF No. 56. He included a copy of his July 18, 2013, grievance, which reads in pertinent part as follows:

> I am filing this grievance in regards to being assaulted by three known correction officers on 7/15/13. 1) C/O Johnson 2) C/O Nixon 3) C/O Brown. I received numerous physical injuries due to this assault and no fault of my own, and I am requesting that a proper investigation take place in order to reveal the truth/first and foremost I am requesting for a copy of the log entry book page for the date of 7/15/13 be disclose [sic] to me.

---

[1] It was not until two years later when Plaintiff filed his complaint that he alleged Tanguay struck him in the leg with metal handcuffs and cuffed him cutting off his circulation.

6

Exhibit B, Grievance (Jul. 18, 2013), ECF No. 56.

The Court finds that Defendant Tanguay has shown he is entitled to judgment. Plaintiff will be unable to overcome his affirmative defense of failure to exhaust administrative remedies. At no time did Plaintiff allege, either in his grievance, or later in the investigatory process, that Tanguay had committed misconduct in connection with the use of force incident. Therefore, even though the correctional facility records could have shown that Tanguay was one of the responding officers, nothing would have put Tanguay or the correctional facility on alert to ensure Tanguay was included in the subsequent investigation. *See, e.g.,* Ex. A, Wende Correctional Facility Inmate Grievance Program Case History & Record (8/19/2013) ("During the interview, the grievant stated that he had nothing further to add to his written grievance."), ECF No. 51. At the Tier III hearing on November 20, 2013, Tanguay testified that he arrived on the scene of the use of force after Plaintiff was already face down on the ground and his sole involvement was to place handcuffs on him, and lift him up by his belt. Ex. B, ECF No. 51-4.

Plaintiff never mentioned Tanguay in his grievance, or in the investigation. The only evidence of Tanguay's involvement was his testimony that he placed handcuffs on Plaintiff after the three named officers completed their use of force during which Tanguay was not present. Tanguay did not accompany Plaintiff to the hospital.

In *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004), the Second Circuit discussed the purpose behind the exhaustion requirement:

> The PLRA's exhaustion requirement is designed to "afford[] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 524-25. As such, it is not dissimilar to the rules of notice pleading, which prescribe that a complaint "must contain allegations sufficient to alert the defendants to the nature of the claim and to allow them to defend against it." *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 234 (2d Cir. 2004).... In order to exhaust, therefore, inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures.

7

*Johnson*, 380 F.3d at 697. Here, Plaintiff did not provide sufficient information to meet even the low threshold of notice pleading with respect to Tanguay. Accordingly, Plaintiff failed to exhaust administrative remedies with respect to Tanguay, and as a result, Tanguay is entitled to judgment.

*Nurse Pearson*

Defendant Nurse Pearson ("Pearson") argues she is entitled to judgment because Plaintiff will be unable to prove he had a serious medical need. The law concerning Eighth Amendment claims of deliberate indifference to a serious medical need is clear:

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to his serious medical needs. This standard incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind.
>
> Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation. [T]he Supreme Court [has] explained that the Eighth Amendment's prohibition on cruel and unusual punishments encompasses the deliberate failure to treat a prisoner's serious illness or injury resulting in the infliction of unnecessary pain and suffering. Because society does not expect that prisoners will have unqualified access to health care, a prisoner must first make this threshold showing of serious illness or injury in order to state an Eighth Amendment claim for denial of medical care. Similarly, a prisoner must demonstrate more than an inadvertent failure to provide adequate medical care by prison officials to successfully establish Eighth Amendment liability. An official acts with the requisite deliberate indifference when that official knows of and disregards an excessive risk to inmate health or safety, a state of mind equivalent to the familiar standard of 'recklessness' as used in criminal law.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir.2003) (citations and internal quotations omitted).

In his memorandum of law in opposition to Defendants' motion, Plaintiff contends that he complained to Pearson about having "a fractured right pinky finger, which is now deformed and remains permanently deformed, due to nurse Pearson['s] deliberate indifference to Plaintiff['s] medical needs, nor did nurse Pearson examine Plaintiff['s] left wrist." Pl.'s Mem. of Law

2. Plaintiff cites to no evidentiary proof that he complained about his digitus (manus) minimus was possibly broken. *See* Fed. R. Civ. P. 56(e) (failing to properly support or address a fact).

Pearson submitted a sworn declaration in which she stated she examined Plaintiff on July 15, 2013, and her "examination showed Plaintiff had a bloody nose, multiple facial abrasions, cuts to his leg, redness in his scapula area and a raised area to his right wrist which had no abrasions." Pearson Decl. ¶ 4, Ex. A to Def.s' Mot. for Summary Judgment, ECF No. 51-3. Plaintiff, who was seen the following day by medical staff at the correctional facility, told the examining individual that he "'can close his fist,' but does not perform this for nurse." The nurse gave him given Motrin for pain, and told him to report for an X-ray, which he later refused. Pearson Decl. Ex. A, Ambulatory Health Record Progress Note (Jul. 16, 2013), ECF No. 51-3. On June 7, 2013, Plaintiff did submit to an X-ray, and three images were taken. *Id*. Ex. B. The images showed "moderate osteoarthritis without any definite acute fracture or dislocation." *Id*.

On July 6, 2017, Defendants served and filed Requests to Admit and Interrogatories on Plaintiff. ECF No. 34. The second request was as follows: "REQUEST 2: Admit that Plaintiff's medical records for the five months from July 1, 2013 through December 1, 2013 do not indicate he ever complained of, or was treated for, pain to his right pinky finger." Plaintiff filed a letter on August 16, 2017, which he labeled as his compliance with the defense discovery demand, ECF No. 40, but the letter and its enclosures did not address REQUEST 2. Defendants filed a Motion to Compel on August 18, 2017, ECF No. 43, but Plaintiff has not responded to either the motion to compel, or REQUEST 2, nor has he raised any objections to REQUEST 2. Given Plaintiff's failure to comply with Federal Rule of Civil Procedure 36, the Court will deem REQUEST 2 as admitted. *See De Leon v. Ramirez,* 465 F. Supp. 698, 701 (S.D.N.Y. 1979). ("properly stated requests under Fed. R. Civ. P. 36(a) are to be deemed admitted in the absence of a formal response by the opposing party.").

9

Defendant Pearson's uncontroverted evidence shows that she is entitled to judgment on the deliberate indifference claim against her. Plaintiff has failed to raise a material issue of fact and the evidentiary proof before the Court leads only to the conclusion that defendant Nurse Pearson was not deliberately indifferent to Plaintiff's serious medical need. In his sworn complaint, Plaintiff alleged in conclusory fashion that "Pearson denied me medical treatment for physical injuries." Compl. at 5.

## CONCLUSION

For the reasons above, the Court grants Defendants' application for partial summary judgment. The remaining claims and the counter-claim may go forward. The Clerk will enter judgments for defendants Correction Sergeant Tanguay and Nurse Deborah Pearson.

IT IS SO ORDERED

Dated: January 24, 2019
Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge